Kevin R. Lussier (State Bar No. 143821)
Kim D. Ashley (State Bar No. 253160)
VEATCH CARLSON, LLP
700 South Flower Street, 22nd Floor
Los Angeles, California 90017-4209
Telephone: (213) 381-2861
Fax: (213) 383-6370
E-Mail: klussier@veatchfirm.com
E-Mail: kashley@veatchfirm.com

Attorneys for Plaintiff GUCCI AMERICA, INC.

JS-6

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation, <br><br> Plaintiff, <br> v. <br><br> LOS ALTOS BOOTS, INC., a California corporation, d/b/a Los Altos Boots d/b/a Los Altos d/b/a Los Altos Exotics d/b/a Los Altos Boots Western Wear d/b/a Botas Guadalajara, and DOES 1-10, <br><br> Defendants. | Case No. CV14-06680 BRO <br><br> **STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Gucci America, Inc. ("Gucci" or "Plaintiff") and Defendant Los Altos Boots, Inc., a California corporation, d/b/a Los Altos Boots d/b/a Los Altos d/b/a Los Altos Exotics d/b/a Los Altos Boots Western Wear d/b/a Botas Guadalajara (the "Defendant") stipulate and consent to the following:

**WHEREAS**, Gucci owns the below identified registered trademark:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (green-red-green stripe design) | 1,483,526 | April 5, 1988 | IC 025 – Footwear |

**WHEREAS**, without the admission of any liability, the parties have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Gucci's good faith prior use of the Gucci Mark, Gucci has superior and exclusive rights in and to the Gucci Mark in the United States and any confusingly similar name or mark.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendant and its officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Gucci Mark;

   B. using the Gucci Mark in connection with the sale of any unauthorized goods;

   C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D.    falsely representing the Defendant as being connected with the Plaintiff, through sponsorship or association,

    E.    engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant are in any way endorsed by, approved by, and/or associated with the Plaintiff;

    F.    using any reproduction, counterfeit, copy, or colorable imitation of the Gucci Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, shoes;

    G.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

    H.    offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

    I.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Gucci Mark; and

    J.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of

STIPULATED CONSENT FINAL JUDGMENT
AND PERMANENT INJUNCTION

circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

3. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction.

4. All products bearing the Gucci Mark at issue currently in the possession, custody and/or control of the Defendant as well as all products surrendered by the Defendant on September 3, 2014 during the Court authorized seizure, shall be destroyed at the direction of Gucci.

**IT IS SO ORDERED.**

Dated: March 25, 2015

_____
Beverly Reid O'Connell
United States District Judge